**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASPAL SINGH, | No.    17-72777 |
| Petitioner, | Agency No. A206-103-352 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2020**
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and CALDWELL,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Karen K. Caldwell, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

Singh petitions for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence, *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013), and we affirm.

The agency's adverse credibility determination is supported by substantial evidence. As the BIA noted, the IJ described a number of discrepancies in Singh's testimony, including a very significant inconsistency regarding one of the physical attacks on which his asylum claim was based. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) (inconsistencies which go to the heart of the claim must be given great weight). Singh testified he had been attacked by thugs from an opposing political party, including an individual named Sukha Kahlon, but the government introduced evidence on cross-examination that Kahlon was in jail at the time of the alleged attack. Singh was unable to provide an explanation beyond speculation that Kahlon "somehow escaped the jail," or the police could have let him out or brought him there and stayed with him while he threatened Singh. The IJ considered but did not accept this explanation. *See Hui Pan v. Holder*, 737 F.3d 921, 930 (9th Cir 2013) (IJ not required to accept explanation; applicant must demonstrate evidence compels finding credible).

Without credible testimony, Singh's claims for asylum and withholding of removal fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Substantial evidence also supports the agency's denial of Singh's CAT claim, as there is no evidence it is more likely than not that Singh would be tortured by or with the acquiescence of the government if returned to India. 8 C.F.R. § 1208.16(c)(2); *Yali Wang. v. Sessions,* 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION DENIED.**